IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-01575-RM-SKC

ERIC COOMER, PH. D.,

       Plaintiff,

v.

PATRICK BYRNE, *et al.*,

       Defendants.

---

## MINUTE ORDER

---

U.S. Magistrate Judge S. Kato Crews

Before the Court is Plaintiff's Motion for Leave to File Omnibus Response to Defendants' Pending Motions to Dismiss Pursuant to CRS 13-20-1101 and to Correct Mootness Determination. [Dkt. 61.]

Having reviewed the pending Motions, this Court's Orders, and the relevant law, including recent opinions from other judicial officers in this district, the Court's understanding of the landscape of this case has changed from when it set the initial briefing schedule.

As Plaintiff explained in his Motion for Extension of Time [Dkt. 34], at the time the briefing schedule was set, he did not know whether Defendants would file motions to dismiss pursuant to Rule 12(b) or Colorado's anti-SLAPP statute. To be sure, the stipulated schedule contemplates briefing for: "a Rule 12 motion to dismiss the Complaint, *or* special motion to dismiss pursuant to C.R.S. § 13-20-1101." [*See* Dkt. 22 (emphasis added).] Had Plaintiff known Defendants intended to file motions addressing both, Plaintiff states he would not have agreed to the schedule or page limitations adopted by the Court. This is due, in part, to Plaintiff's argument he requires limited discovery to respond to the anti-SLAPP arguments. [Dkt. 33.] Plaintiff contends, therefore, the issues of limited discovery and extensions of time

1

were not waived or rendered moot when he filed an omnibus response only addressing Defendants' Rule 12(b) arguments. The Court agrees with Plaintiff.

In reaching this conclusion, the Court is guided by District Judge William J. Martinez's thoughtful order in *Coomer v. Make Your Life Epic LLC et al.*, 21-cv-03440-WJM-KLM, [Dkt. 45], (Mar. 7, 2023). There, Judge Martinez observed that in a case where, as here, the anti-SLAPP motions are based on a factual challenge, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Id.* (citing *Planned Parenthood Fed'n Am., Inc. v. Ctr. Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018)). Indeed, at least two of the Defendants in this case acknowledge evidence is required in making anti-SLAPP determinations. [*See* Dkts. 29 at p.19, 31 at p.31.] Thus, the Court VACATES that portion of its previous Order denying Plaintiff's requests for an extension of time and expedited discovery. [Dkt. 58.] Although it is this Court's intent to GRANT Plaintiff limited discovery and an omnibus response should the need arise, the Court will hold that matter in abeyance pending the resolution of the Rule 12(b) issues, particularly the matter of whether this Court has personal jurisdiction over Defendants.

With respect to the pending motions to dismiss, the Court notes that under District Judge Moore's practice standards, before filing motions based on a deficiency of the pleadings, the parties must confer to determine whether the deficiency could be resolved via amendment, and they must describe these conferral efforts in the motions. *See* Judge Raymond P. Moore's Practice Standards (Civil), Sec. IV.N.2.a. The parties have not indicated whether they engaged in such a conferral. Although these motions were filed prior to Judge Moore's assignment to this case, the parties and this judicial officer are bound by his practice standards. [Dkt. 46.] In addition, Judge Moore's practice standards specifically prohibit stating Rule 12(b) motions in the alternative as Rule 56 motions. *Id.* at Sec. IV.N.2.d. Although the anti-SLAPP arguments are made pursuant to Colorado statute and not Rule 56, including them with the Rule 12(b) arguments nevertheless violates the spirit of Judge Moore's practice standards, to wit, arguments necessitating matters outside of the pleadings (*i.e.*, discovery and evidence) should be made separate from those based solely on the allegations.

Consequently, the Motions to Dismiss [Dkt. 28, 29, 31] are DENIED WITHOUT PREJUDICE. On or before June 9, 2023, Defendants may refile their motions to dismiss based **solely** on Rule 12(b) arguments. These motions should comply with all of Judge Moore's relevant practice standards. Following their revisions, Defendants may request additional pages for these motions if necessary. Plaintiff may choose to stand on his previous response or if necessary, file an amended omnibus response.

Plaintiff's response shall be filed no later than two weeks after service of Defendants' motions. Replies shall be due seven days thereafter.

Following the resolution of Defendants' Rule 12(b) motions, should the case proceed, and should Defendants choose to renew their special motions to dismiss arguing the anti-SLAPP issues, the Court will convene a status conference to set a limited discovery schedule.

DATED: May 25, 2023.